UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:  
KENNETH W. CARRINGTON, SR.  
_____Debtor_____/

CASE NO  06-11567 BKC RAM  
CHAPTER 13

## APPLICATION TO WITHDRAW UNCLAIMED FUNDS

Applicant, **JOSHUA S MILLER, P.A.**, applies to this court for entry of an order directing the clerk of the court to remit to the applicant the sum of **$1,908.61**, said funds having been deposited into the Treasury of the United States pursuant to 28 U.S.C. § 2041 as unclaimed funds held in the name of **SN Servicing Corp**. Applicant further states that:

1.      (Indicate one of the following items:)

____ Applicant is the individual listed in the "Notice of Deposit of Funds with the U.S. Bankruptcy Court Clerk" under whose name these funds were deposited and states that no other application for this claim has been submitted by or at the request of this applicant. If funds were deposited in the names of both husband and wife, both must sign this application, or if one spouse is requesting release of funds in the name of that spouse only, applicant must attach a notarized affidavit stating why the funds should be released to only one spouse and not in the name of both. Also attached is a copy of an official government photo id of applicant to prove applicant's identity.

____ Applicant is either a family member or other authorized personal representative of an incapacitated or deceased individual in whose name funds were deposited or a successor in interest to the individual or business under whose name the funds were deposited. **An original "power of attorney" conforming to the Official Bankruptcy Form and/or other supporting documents, including probate documents which indicate applicant's entitlement to this claim are attached and made a part of this application.** Also attached is a copy of an official government photo id of applicant to prove applicant's identity.

____ Applicant is the duly authorized representative for the business or corporation listed in the "Notice of Deposit of Funds with the U.S. Bankruptcy Court Clerk" under whose name these funds were deposited. Applicant has reviewed all applicable records and states that no other application for this claim has been submitted by or at the request of this claimant. **A Local Form "Affidavit of Claimant" (LF-28) and duly executed corporate power of attorney are attached and made a part of this application.**

____ Applicant is an attorney or a "funds locator" who has been retained by an individual

LF-27 (rev. 07/17/07)

Page 1 of 1

| FINANCIAL OFFICE REVIEW | | |
|---|---|---|
| Application Received | Date: 9/11/07 | Initials: KJ |
| Payment Approved | Date: 9/12/07 | Initials: KJ |
| Forwarded to Judge | Date: 9/12/07 | Initials: KJ |
| Accounting Code | | 6047BK |

or business or corporation under whose name the funds were deposited. Applicant has obtained an original "power of attorney" from the individual claimant or the duly authorized representative for the business or corporation named as the claimant in the notice of deposit of funds into the court. **An original "power of attorney", conforming to the Official Bankruptcy Form and a Local Form "Affidavit of Claimant" (LF-28) are attached and made a part of this application.**

**X** Applicant is an attorney or a "funds locator" who has been retained by the debtor in this case to claim funds deposited in the name of another individual or business or corporation. Applicant has obtained and attached to this application an original "power of attorney" from the debtor (if joint case, both debtors) who are seeking to claim these funds. Applicant has also attached to this application a notarized affidavit from the debtor detailing debtor's right to the funds deposited in the name of the creditor and has attached copies of any exhibits to substantiate this right. Also attached is a copy of an official government photo id of the debtor to prove debtor's identity. The applicant has also attached a certificate of service reflecting that a copy of this application and required attachments has been served on the creditor whose funds the debtor is seeking to claim and on the trustee who deposited the funds with the clerk of court. If this is a joint debtor case, both husband and wife must sign the power of attorney, or if one spouse is requesting release of funds in the name of that spouse only, applicant must attach a notarized affidavit stating why the funds should be released to only one spouse and not in the name of both.

__ Applicant is the debtor seeking to claim funds deposited in the name of another individual or business or corporation. Applicant has attached to this application a sworn affidavit detailing debtor's right to the funds deposited in the name of the creditor and has attached copies of any exhibits to substantiate this right. Also attached is a copy of an official government photo id of applicant to prove debtor's identity. The debtor has also attached a certificate of service reflecting that a copy of this application and required attachments has been served on the creditor whose funds the debtor is seeking to claim and on the trustee who deposited the funds with the clerk of court. If this is a joint case, both husband and wife must sign this application, or if one spouse is requesting release of funds in the name of that spouse only, applicant must attach a notarized affidavit stating why the funds should be released to only one spouse and not in the name of both.

2. Applicant has made sufficient inquiry and has no knowledge that this claim has been previously paid, that any other application for this claim is currently pending before this court, or that any party other than the applicant is entitled to submit an application for this claim.

3. Applicant has provided notice to the U.S. Attorney pursuant to 28 U.S.C. § 2042.

LF-27 (rev. 07/17/07)

Dated:

**SN SERVICING CORP.**
Name of Original Claimant
Under which Funds Were Deposited
**CLAIM NUMBER 5**
Claim Number
**323 Fifth St., Eureka, CA 95501**
Address

_____
Signature of Applicant
(Note: In addition to signing, complete all information below)

Last Four Digits of EIN# 1311
Note: Individual applicant must also submit a separate form "Statement of Social Security Number(s) of Unclaimed Funds Applicant/Claimant" as required by Judicial Conference Privacy policy.

ID# _____

**KENNETH CARRINGTON, DEBTOR**
Name of Party On Whose Behalf
Application was Filed

Address:    **725 NW 6th STREET**
            **FLORIDA CITY, FL 33034**

**JOSHUA S. MILLER, ESQ.**
**9555 N KENDALL DRIVE, SUITE 211**
**MIAMI, FL 33176**
**305-274-2922**

*Attach corporate power of attorney if applying as authorized representative of non-individual claimant.

Sworn to and Subscribed before me by JOSHUA S. MILLER, ESQ., known to me personally, on _____
NOTARY PUBLIC, AT LARGE

STATE OF Florida
County of Miami-Dade



GUISELA PAOLA DIAZ
MY COMMISSION # DD 459296
EXPIRES: August 8, 2009
Bonded Thru Notary Public Underwriters

LF-27 (rev. 07/17/07)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:                                  CASE NO 06-11567 BKC RAM
KENNETH W. CARRINGTON, SR.       CHAPTER 13
_____Debtor_____/

## AFFIDAVIT OF CLAIMANTS

     I, **KENNETH W. CARRINGTON, SR.**, am (indicate status of claimant)

( ) the individual creditor (or authorized personal representative of the individual creditor) in whose name funds were deposited with the court who has granted a power of attorney to _____, a "funds locator" or attorney to submit an application to withdraw unclaimed funds on my behalf; or

( ) the duly authorized representative for the claimant "business"_____; or

(**X**) the debtor claiming funds deposited in the name of a creditor in my case who has granted a power of attorney to **JOSHUA S. MILLER, P.A.**, a "funds locator" or attorney, to submit an application on my behalf; or

( ) the debtor claiming funds deposited in the name of the debtor in my case who has granted a power of attorney to _____, a "funds locator" or attorney, to submit an application on my behalf; or

( ) the duly authorized representative for claimant "business" as indicated in the attached corporate power of attorney) who has granted a power of attorney to _____ a "funds locator" or attorney, to submit an application to withdraw unclaimed funds on my behalf;

and I am seeking payment of unclaimed funds in the amount of **$1,908.61** deposited in this court in the name of **SN Servicing Corp.** and representing claim number **FIVE (5)** (if no claim was filed write "scheduled" in blank space).

     2. Claimant History: Substantiate claimant's right to funds, including but not limited to documents relating to sale of company, i.e. purchase agreements and/or stipulation by prior and new owner as to right of ownership of funds. Attach certified copies of all necessary documentation, including those, which establish the chain of ownership of the original corporate claimant. Also attach a copy of an official government photo id to prove your identity. ***The Claimant is the Debtor in this Bankruptcy. Mr. Carrington refinanced his homestead property and satisfied the loan to SN Servicing Corp. in full. A Satisfaction of Mortgage has been filed and I have attached the original mortgage and the subsequent assignments.***
     3. I (or the "business" I represent as claimant) have neither previously received remittance for these funds nor have contracted with any other party other than the person named as a "funds locator" or attorney in paragraph one above to recover these funds.

     I hereby certify that the foregoing statements are true and correct to the best of my

LF-28 (rev. 07/17/07)                      Page 1 of 1

knowledge and belief.

Dated: 9/7/07

**KENNETH W. CARRINGTON, SR**, signature
of claimant or representative of "business" claimant
Last Four Digits of Social Security #

(Note: attach a copy of an official government photo id such as a driver's license or passport"

Address:

_____

Phone number:

_____

Sworn to and Subscribed before me on ___9/7/07___.

_____
NOTARY PUBLIC, AT LARGE

STATE OF Florida
Miami-Dade County.

GUISELA PAOLA DIAZ
MY COMMISSION # DD 459296
EXPIRES: August 8, 2009
Bonded Thru Notary Public Underwriters

LF-28 (rev. 07/17/07)                    Page 2 of 2

## LIMITED POWER OF ATTORNEY

**KENNETH W. CARRINGTON, SR**, Claimant, has made, constituted, appointed, and by these presents does make, constitute and appoint **JOSHUA S. MILLER, ESQ.** my true and lawful attorney-in-fact, for me and in my name, place and stead and for my use and benefit, ONLY to collect and disburse abandoned funds, or undistributed, unclaimed, or undelivered tenders or funds in the amount of **1,908.61** giving and granting unto my said attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done, as fully, to and intents and purposes, as I might or could do if personally present, hereby ratifying and confirming all that my said attorney-in-fact shall lawfully do or cause to be done, by virtue hereof. In construing this instrument, and where the context so requires, the singular includes plural. This limited Power of Attorney is specifically limited to the collection and disbursement of the above-named funds from the United States Bankruptcy Court.

_Kenneth W. Carrington Jr._
Claimant Signature

KENNETH W. CARRINGTON, SR
Print Claimant Name

6/5/07
Date

6049
Last 4 digits of SS#

### Notary Acknowledgement

Sworn to and Subscribed before me on 6/5/07 by Kennet W. Carrington, Sr.
✓ known to me personally
___ ID Presented _____,
on 6/5/07
NOTARY PUBLIC, AT LARGE

STATE OF Florida
County of Miami-Dade


GUISELA PAOLA DIAZ
MY COMMISSION # DD 459296
EXPIRES: August 8, 2009
Bonded Thru Notary Public Underwriters

FORM B10 (Official Form 10) (12/03)

| UNITED STATES BANKRUPTCY COURT ____Southern____ DISTRICT OF ____Florida____ | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>Kenneth W. Carrington Sr. | Case Number<br>06-11567 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**SN Servicing Corporation**

Name and address where notices should be sent:

SN Servicing Corp. agent for SNMLT 2004-1
323 Fifth St., Eureka, CA 95501
Pmt.Address: Dept 1710 Denver CO 80291-1710

Telephone number: 800-603-0836

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☑ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
B 159038

Check here ☐ replaces ☐ amends if this claim _____ a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☑ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)                    (date)

**2. Date debt was incurred:** 2/11/93

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ 78,420.79 _____ _____ 78,420.79
(unsecured)   (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☑ Real Estate   ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 15,702.02 + Int @ 40%.
on Pre-1994 loan

**6. Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary

THIS SPACE IS FOR COURT USE ONLY

| Date<br>10/31/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>**Marilyn F. Colson, Bk. Specialist** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*Marilyn F. Colson*

ATTACHMENT TO PROOF OF CLAIM
OF
SN SERVICING CORPORATION
AGENT FOR
SECURITY NATIONAL MORTGAGE LOAN TRUST 2004-1

IN THE CASE OF
KENNETH W. CARRINGTON, SR.
CASE # 06-11567-RAM

| | |
|---|---:|
| PRINCIPAL | 66112.40 |
| INTEREST 09/01/06 | 3746.37 |
| DEFAULTED FORBEARANCE INTEREST 04/03 – 04/04 | 2966.47 |
| FORCE PLACED INSURANCE | 1319.38 |
| PRIOR SERVICER: PROPERTY TAXES: | 1829.39 |
| FORECLOSURE FEES & COSTS | 2585.50 |
| LESS: SUSPENSE | (138.72) |
| **TOTAL DUE** | 78420.79 |

**PRE PETITION ARREARS**

| | |
|---|---:|
| 05/05 – 09/06   17 MTHS @ 420.00 P&I | 7140.00 |
| DEFAULTED FORBEARANCE INTEREST 04/03 – 04/04 | 2966.47 |
| FORCE PLACED INSURANCE | 1319.38 |
| PRIOR SERVICER: PROPERTY TAXES: | 1829.39 |
| FORECLOSURE FEES & COSTS | 2585.50 |
| LESS: SUSPENSE | (138.72) |
| **TOTAL PRE PETITION** | 15702.02 + 4% contract interest |

CONTINUING PAYMENTS BEGINNING 10/01/06 @ $ 420.00

Loan #:  B 159038

**Address for Payments:**

SNMLT 2004-1
Dept 1710
Denver CO 80291-1710

**Address for Notices:**

SN Servicing Corporation
323 Fifth Street
Eureka CA  95501



# SN Servicing Corporation

323 FIFTH STREET (95501)
P.O. BOX 35
EUREKA, CA 95502
(707) 442-2818  FAX (707) 443-1562
1-800-603-0836
8:00 a.m. - 5:00 p.m. PST



May 9, 2007

Kenneth Carrington
Diane Carrington
725 NW 6th St.
Florida City, FL 33034

Re: Loan #159038

Dear Mr.& Mrs. Carrington:

SN Servicing Corporation, as servicing agent for Security National Mortgage Loan Trust 2004-1, is writing in regard to the above-mentioned loan. Our records reflect that this loan has a zero balance and has a paid in full status. Sn Servicing Corporation, on behalf of our client Security National Mortgage Loan Trust 2004-1, will process a release of lien through the county recorders office. However, if the funds received are returned by your bank for any reason, the release of lien will remain in place until the account is satisfied in full using certified funds.

If you have any questions or concerns, please feel free to contact me at 800-603-0836, ext 2688.

Thank you,

Gina Miller
Asset Manager

This communication is from a debt collector. SN Servicing Corporation, their employees, agents and attorneys are attempting to collect a debt. Any information obtained by us will be used for that purpose.

REPRODUCTIONS.
Mar 8 1993 COURTHOUSE TOWER
DATE MICROFILMED   LOCATION   CAMERA OPERATOR
DEPUTY CLERK, CIRCUIT COURT

THIS INSTRUMENT PREPARED BY:

Terry J. Miller, Attorney Advisor
Small Business Administration
Area 2 - Disaster Assistance
One Baltimore Place, Suite 300
Atlanta, Georgia 30308

SBA LOAN NUMBER: DLH-55235930-03
CONTROL NUMBER: 2586-31064

OFF. REC. 15835 PG 2438

93R114273 1993 MAR 08 09:47

# MORTGAGE
(Direct)

This mortgage made and entered into this 25th day of February 19 93, by and between Kenneth W. Carrington, Sr. and Diane Carrington, his wife

(hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at P.O. Box 12247, Birmingham, Alabama 35202-2247.

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Dade
State of FLORIDA:

Condominium Unit No. 80 of ROSEMONT CONDOMINIUM, a Condominium, according to the Declaration thereof, as recorded in Official Records Book 11705 at Page 1512 of the Public Records of Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto, as set forth in said Declaration.

TAX EXEMPT
CLERK
BY: _____
DEPUTY CLERK
2/8/93

Florida documentary stamp tax required by law in the amount of
$ 300.35 has been paid directly to the Department of Revenue.
Received by _____

Florida doc...
$ 1.60
of Revenue.
Received by _____

...in the amount of
/ by the Department

It is hereby agree between the parties hereto, that if the mortgagor subsequent to the date of this mortgage conveys, contracts, or attempts to sell the above described mortgage property in anyway manner whatsoever, while said property is mortgaged to the mortgagee and without the written consent of the mortgagee, then and in such event the whole sum of principal and interest of the debt secured by this mortgage shall, at the option of the mortgagee, become immediately due and payable and this mortgage may be foreclosed at once if said debt is not paid in full.

"This transaction is exempt from the Florida Intangible Tax since a governmental agency is holder of the indebtedness".

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated February 11, 1993 in the principal sum of $86,100.00, signed by Kenneth W. Carrington, Sr. and Diane Carrington, incorporated in behalf of themselves
herein by reference and held by Mortgagee. The obligation hereby secured matures THIRTY (30) years from date of the Note.

SBA Form 927 (2-73) Previous Editions are Obsolete.

REPRODUCTIONS.
Mar 11 1993  COURTHOUSE TOWER  Creole Charles
DATE MICROFILMED  LOCATION  CAMERA OPERATOR
DEPUTY CLERK, CIRCUIT COURT

OFF.
REC: 15835PG2439

1. The mortgagor covenants and agrees as follows:

   a. He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided

   b. He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

   c. He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

   d. For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

   e. The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

   f. He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

   g. He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

   h. He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

   i. He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

   j. All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

   k. The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

REPRODUCTIONS.
DATE MICROFILMED  COURTHOUSE TOWER  CAMERA OPERATOR
LOCATION
DEPUTY CLERK, CIRCUIT COURT

OFF. REC. 15835 PG 2440

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement.*

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

REPRODUCTIONS.
Jan 11 1993    COURTHOUSE TOWER    Creste Charles
DATE MICROFILMED    LOCATION    CAMERA OPERATOR
DEPUTY CLERK, CIRCUIT COURT

CONTROL NUMBER 2586-31064    OFF. REC: 15835 PG 2441

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 627 N.W. 13th Street, Florida City, Florida 33034 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at P.O. Box 12247, Birmingham, Alabama 35202-2247

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

_Kenneth W. Carrington, Sr._
KENNETH W. CARRINGTON, SR.

_Diane Carrington_
DIANE CARRINGTON

Executed and delivered in the presence of the following witnesses:

...........................................................

...........................................................

(Add Appropriate Acknowledgment)

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA.
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

COUNTY OF Dade    )
                  ) SS
STATE OF FLORIDA  )

The foregoing instrument was acknowledged before me this 25th day of February, 19 93, by Kenneth W. Carrington, Sr. who has produced a Florida Drivers License as Identification

_Julio Ayala_
Notary Public, State of Florida at Large

OFFICIAL NOTARY SEAL
JULIO J AYALA
COMMISSION NUMBER
CC254550
MY COMMISSION EXP.
JAN. 24, 1997

My Commission Expires: 1/24/97

The foregoing instrument was acknowledged before me this 25th day of February, 19 93, by Diane Carrington who has produced a Florida Drivers License as Identification

_Julio Ayala_
Notary Public, State of Florida at Large

OFFICIAL NOTARY SEAL
JULIO J AYALA
COMMISSION NUMBER
CC254550
MY COMMISSION EXP.
JAN. 24, 1997

My Commission Expires: 1/24/97

MORTGAGE

Kenneth W. Carrington, Sr.
and
Diane Carrington

TO

SMALL BUSINESS ADMINISTRATION

RECORDING DATA

RETURN TO:
SMALL BUSINESS ADMINISTRATION
LEGAL DEPARTMENT
P.O. BOX 025584
MIAMI, FLORIDA 33102-5584

OFL
REC: 19636PG1720

01R256612 2001 MAY -7 09:11

# FLORIDA
COUNTY OF DADE
POOL NO.
LOAN NO. 0102103652

Assignment-Interv.-Recorded

WHEN RECORDED MAIL TO:
Security Connections, Inc.
620 S. Woodruff Ave.
ATTN: KARLEEN MAUGHAN
Idaho Falls, ID 83401

# ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that **AURORA LOAN SERVICES AS ATTORNEY-IN-FACT FOR U.S. SMALL BUSINESS ADMINISTRATION, A NEBRASKA COMPANY**

located at **P.O. BOX 1706, SCOTTSBLUFF, NE 69363**,
party of the first part, in consideration of the sum of **TEN DOLLARS ($10.00)**
AND OTHER GOOD AND VALUABLE CONSIDERATION, lawful money of the United States, to it in hand paid by **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, A DELAWARE CORPORATION, ITS SUCCESSORS AND ASSIGNS AS NOMINEE FOR LEHMAN BROTHERS HOLDINGS INC., ITS SUCCESSOR AND ASSIGNS**
located at **P.O. BOX 2026, FLINT, MI 48501-2026**
party of the second part, at or before the delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the said party of the second part a certain indenture of mortgage bearing the date of the **29th** day of **JUNE 1993**, made by **KENNETH W. CARRINGTON AND DIANE CARRINGTON, HIS WIFE**
and recorded in Official Record Book **15973**, page **1191**, Clerk's File # **93R331490**, public records of **DADE** County, State of Florida, upon the following described piece or parcel of land, situate and being in **DADE** County, State of Florida to wit:
PROPERTY ADDRESS:

AS DESCRIBED ON SAID MORTGAGE REFERRED TO HEREIN.

Loan No.
MIN# 1000259200001026366    MERS VRU PHONE #: 1-888-679-6377
J=AL897.S.01309                Page 1 of 2

OFF. REC: 19636 PG 1730

Loan No. *0102103652*
To have and to hold the same unto the said party of the second part, its successors and assigns forever.

In Witness whereof the said party of the first part has caused these presents to be executed in its name by its proper officers thereunto duly authorized this __15th__ day of __MARCH 2001__,
but effective __FEBRUARY 5, 2001__.

AURORA LOAN SERVICES AS ATTORNEY-IN-FACT FOR U.S. SMALL BUSINESS ADMINISTRATION

_Darlene Nicely_ (signature)
WITNESS

BY: _Shawn Biven_ (signature)
SHAWN BIVEN
ASSISTANT VICE PRESIDENT

_Carol Miller_ (signature)
WITNESS

BY: _Cheryl Splichal_ (signature)
CHERYL A. SPLICHAL
ASSISTANT SECRETARY

STATE OF __NEBRASKA__ )
                       ) ss
COUNTY OF __SCOTTS BLUFF__ )

On __MARCH 15, 2001__, before me, the undersigned, personally appeared __SHAWN BIVEN__ who is known to me to be the person who executed the within instrument as the __ASSISTANT VICE PRESIDENT__, and __CHERYL A. SPLICHAL__ who is known to me to be the person who executed the within instrument as the __ASSISTANT SECRETARY__ of the Corporation that executed the within instrument and acknowledged to me that the Corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.

_Sandra J. Hanson_ (signature)
SANDRA J. HANSON  (COMMISSION EXP. 02-23-05)
NOTARY PUBLIC

GENERAL NOTARY - State of Nebraska
SANDRA J. HANSON
My Comm. Exp. Feb. 23, 2005

RECORDING OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

PREPARED BY

_Karleen Maughan_ (signature)
KARLEEN MAUGHAN
520 SOUTH WOODRUFF AVE
IDAHO FALLS, ID  83401

P=
C=
(NMRI.FL.2)

J=
MIN# 100025920001026366   MERS VRU PHONE #: 1-888-679-6377

Page 2 of 2



```
CFN 2006R0377850
OR Bk 24407 Pss 3518 - 3519; (2pgs)
RECORDED 04/08/2006 08:05:06
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

This instrument prepared by:
SN SERVICING CORP

Upon recordation, return to:
_____
_____
_____

## ASSIGNMENT OF MORTGAGE/DEED TO SECURE DEBT/ BENEFICIAL INTEREST UNDER DEED OF TRUST

In consideration of the sum of $10 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ITS SUCCESSORS AND ASSIGNS, P.O. BOX 2026, FLINT, MI 48501-2026 ("Assignor"), does hereby grant, bargain, sell, convey, assign, transfer, and set over unto WACHOVIA BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE SECURITY NATIONAL MORTGAGE LOAN TRUST 2004-1, with a mailing address of 323 FIFTH STREET, EUREKA, CA 95501 ("Assignee"), all of Assignor's right, title and interest, of any kind whatsoever, including, without limitation, that of mortgagee, beneficiary or lender (as the case may be) in and to the following described mortgage/deed of trust/deed to secure debt (as the case may be) together with the bond(s), note(s) and/or obligation(s) secured thereby, the moneys due and to grow due thereon with interest as specified therein, all rights accrued or to accrue under said mortgage, and in any and all other related security instruments:

| | |
|---|---|
| Dated: | FEBRUARY 25, 1993 |
| Mortgagor/Trustor: | KENNETH W. CARRINGTON, SR. AND DIANE CARRINGTON, HIS WIFE |
| Mortgagee/Beneficiary: | ADMINSTRATOR OF THE SMALL BUSINESS ADMINISTRATION |
| Original Loan Amount: | $86,100.00 |
| County and State of Recording: | DADE FLORIDA |
| Recording Date: | JULY 02, 1993 |
| Instrument#: | BOOK: 15973 PAGE: 1191 |
| Property Address: | 725 NORTHWEST 6TH STREET, FLORIDA CITY, FL 33034 |
| Property Description: | |

Lot 25, Block 2, CARROLL VILLA, according to the Plat therof, as recorded in Plat Book 24 at Page 34, of the Public Records of Dade County, Florida.

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this Assignment.

DATE: December __7__, 2005

WITNESS AS TO
SIGNATURES:

Witness Name: Jody Pires

Witness Name: Ann Patterson

ASSIGNOR:
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ITS SUCCESSORS AND ASSIGNS

BY: _____
ALLAN GRUSHKIN
ASSISTANT SECRETARY

159038-CARRINGTON-AOM-FL



## Acknowledgment

State of California        §
                           §   ss:
County of Humboldt         §

On December 7, 2005, before me, CATHY SCHULZ, the undersigned, Notary Public, personally appeared ALLAN GRUSHKIN, personally known to me (or ~~proved to me on the basis of satisfactory evidence~~) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/~~she~~ executed the same in his/~~her~~ authorized capacity, and that by his/~~her~~ signature on the instrument the person, or the entity upon which the person acted, executed the instrument.

WITNESS my hand and official seal.

[Seal]

Cathy Schulz, Notary Public
My Comm. Expires: Nov. 16, 2007

> CATHY SCHULZ
> COMM. #1451277
> NOTARY PUBLIC • CALIFORNIA
> HUMBOLDT COUNTY
> My Comm. Expires Nov. 16, 2007

159038-CARRINGTON-AOM-FL

```
CFN  2007R0813301
OR Bk 25861 Pg 3190; (1ps)
RECORDED 08/16/2007 11:42:14
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE
```

RECORDING REQUESTED AND PREPARED BY:
T.D. Service Company
1820 E. First St., Suite 300
Santa Ana, CA 92705
INEZ J LOPEZ

And When Recorded Mail To:
KENNETH CARRINGTON
725 NW 6TH STREET
FLORIDA CITY, FL 33034
MERS MIN#: 1000305-0000159038-0
PHONE#: (888) 679-6377
Customer#: 580
Service#: 3315144RL1
Loan#: 159038

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS: that the undersigned, holder of a certain mortgage, whose parties, dates and recording information are below, does hereby acknowledge that it has received full payment and satisfaction of the same. Accordingly, the County Recorder is hereby authorized and directed to discharge the same upon the record of said mortgage. Original Mortgagor: KENNETH W CARRINGTON, SR. AND DIANE CARRINGTON, HIS WIFE. Original Mortgagee: ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION. Mortgage Dated: FEBRUARY 25, 1993 Recorded on: MARCH 08, 1993 as Instrument No. 93R114273 in Book No. 15835 at Page No. 2438
County of MIAMI-DADE, State of FLORIDA. IN WITNESS WHEREOF, THE UNDERSIGNED, BY THE OFFICER DULY AUTHORIZED, HAS DULY EXECUTED THE FOREGOING INSTRUMENT ON AUGUST 06, 2007
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC

By: _____
Julie A. Yates, Vice President

WITNESS:
(Name): D. MEDRANO              (Name): E. Chavez

State of     CALIFORNIA     }
County of    ORANGE         } ss.

On AUGUST 06, 2007, before me, I. Lopez, a Notary Public, personally appeared Julie A. Yates personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

(Notary Name): I. Lopez

```
I. LOPEZ
COMM. # 1560670
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires March 17, 2009
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:  
KENNETH W. CARRINGTON, SR.  
_____Debtor_____/

CASE NO 06-11567 BKC RAM  
CHAPTER 13

## Certification of Service

I certify that a true and correct copy of the APPLICATION TO WITHDRAW UNCLAIMED FUNDS was faxed to the following on the _10_ day of _September_ 2007.

Nancy Herkert, Trustee  
POB 279806  
Miramar, FL 33027

SN SERVICING CORP.  
323 Fifth St.  
Eureka, CA 95501

US Attorney  
R. Alexander Acosta  
99NW 4th Street  
Miami, FL 33132

JOSHUA S. MILLER, ESQ.  
9555 N. Kendall Drive, Suite 211  
Miami, FL 33176  
Telephone 305-274-2922  
Fax 305-273-8734  
FL Bar No 64191